**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARELYN VEGA,<br> Appellant, | DOCKET NUMBER<br>PH-0432-20-0467-I-1 |
| v. | |
| ENVIRONMENTAL PROTECTION<br> AGENCY,<br> Agency. | DATE: September 17, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Marielena I. Toro</u>, Lynn, Massachusetts, for the appellant.

<u>Elizabeth M. Whitcher</u>, Esquire, Boston, Massachusetts, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**REMAND ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her appeal for failure to prosecute. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     On September 16, 2020, the appellant filed a timely appeal contesting her removal.  Initial Appeal File (IAF), Tab 1.  The appellant registered as an e-filer and designated her daughter as her representative, who also registered as an e-filer.  *Id.* at 2-3.  On October 16, 2020, the administrative judge held a scheduled status conference, but neither the appellant nor her daughter called in.  IAF, Tab 9.  Accordingly, he issued an order rescheduling the status conference and warning the appellant that repeated failures to follow Board orders could result in dismissal for failure to prosecute.  *Id.*  On October 21, 2020, the administrative judge held the rescheduled status conference, and again, neither the appellant nor her daughter called in.  IAF, Tab 10.  The administrative judge issued another order, rescheduling the status conference for the following week and warning the appellant that repeated failure to follow Board orders could result in dismissal for failure to prosecute.  *Id.*  On October 28, 2020, the administrative judge held the rescheduled status conference, and again, neither the appellant nor her daughter called in.  IAF, Tab 11.  That same day, the administrative judge issued an initial decision dismissing the appeal with prejudice as a sanction for the appellant's failure to prosecute her appeal.  IAF, Tab 12, Initial Decision at 2-3.

¶3     The appellant filed a timely petition for review, explaining that she suffers from a mental disability that affects her ability to understand and address formal processes or confront difficult realities, and that her symptoms include disorganized speech or behavior.  Petition for Review (PFR) File, Tab 1 at 4.  She further explains that she appointed her daughter to represent her, but that her daughter had been busy with finding the appellant housing after she was evicted for the second time within 2 months.  *Id.*  The appellant also states that her daughter claims she did not receive any phone calls or voicemails regarding the status conferences.  *Id.*  Finally, the appellant explains that she could not afford

legal representation, and she was not aware of the pro bono options set forth in the initial decision. *Id.*

¶4 The agency responded in opposition to the appellant's petition for review, PFR File, Tab 3, and the appellant's daughter replied, arguing that the appellant's removal was improper because the agency never offered her reasonable accommodation, PFR File, Tab 4 at 3. The appellant's daughter further explained that she was overwhelmed with trying to manage various pieces of her mother's life, which was in a state of upheaval, and noting that she (the daughter) had been diagnosed with attention deficit disorder (ADD) on October 20, 2020, and prescribed medication for the same. *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 An administrative judge may impose sanctions against a party as necessary to serve the ends of justice. 5 C.F.R. § 1201.43. The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Gordon v. Department of the Air Force*, 104 M.S.P.R. 358, ¶ 4 (2006); 5 C.F.R. § 1201.43(b). Absent a showing of abuse of discretion, an administrative judge's determination regarding sanctions will not be reversed. *Gordon*, 104 M.S.P.R. 358, ¶ 4. However, an administrative judge should not resort to the imposition of sanctions unless necessary to serve the ends of justice, and, in the absence of bad faith or evidence that the appellant intends to abandon her appeal, a timely filed appeal should not be dismissed for failure to prosecute. *Id.*; *see Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000).

¶6 As an initial matter, in some circumstances, the Board will take an appellant's pro se status into consideration and be more lenient in the application of Board rules and procedures. *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 24. Although the appellant designated her daughter as her representative, there is no evidence that her daughter had a legal background or was otherwise more familiar with Board rules and procedures than the appellant. Accordingly, we

have taken this into consideration and afforded the appellant the appropriate level of leniency.

¶7 Next, upon review of the evidence, the imposition of the sanction of dismissal for failure to prosecute is unwarranted. First, the noncompliance was limited to a period of less than 2 weeks, during which the appellant and her daughter were coping with the appellant's mental health condition, the appellant's eviction, and the daughter's diagnosis of ADD. PFR File, Tab 1 at 4, Tab 4 at 3. The Board has, in other contexts, recognized calamitous events in an appellant's personal life as sufficient excuse for noncompliance with Board rules and procedures. *See Cook v. Office of Personnel Management*, 31 M.S.P.R. 683, 685 & n.3 (1986) (finding that a series of unfortunate events in the appellant's life, including deaths of his mother and stepfather, caring for his mother prior to her death from cancer, caring for his minor daughter who suffered from severe juvenile rheumatoid arthritis, and his own medical problems warranted waiver of the time limit); *see also Cardinali v. Department of the Army*, 43 M.S.P.R. 414, 415 (1990) (finding that serious medical problems constitute good cause for a delay in filing). Therefore, we see no reason not to apply the same logic here and find that the appellant's noncompliance is excused given the circumstances.

¶8 Furthermore, we discern no evidence that the appellant's noncompliance was the result of bad faith or an intention to abandon her appeal. Neither the appellant nor her daughter appear to have been aware of the scheduled status conferences. PFR File, Tab 1 at 4, Tab 4 at 3. Although it is the responsibility of the appellant to keep track of her appeal, the administrative judge nevertheless should have taken steps beyond merely issuing orders through the Board's e-appeal system before imposing such a severe sanction. *See* MSPB Judge's Handbook, ch. 4, § 13(a) (explaining that, if an appellant or her representative fail to appear for a scheduled hearing, "[t]he AJ should try to call the appellant"). Additionally, the appellant filed both a timely Board appeal and a timely petition for review, indicating not only that she had not abandoned her appeal, but that she

can adhere to the administrative judge's orders in the future.  IAF, Tab 1; PFR File, Tab 1.

¶9    In conclusion, we find that dismissal for failure to prosecute is too severe a sanction in light of the circumstances here and remand this appeal for further adjudication.  We note, however, that appellants are expected to comply with all orders issued by the Board's administrative judge.  *Mendoza v. Merit Systems Protection Board*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).  Therefore, on remand, the appellant must be more diligent in keeping track of her appeal and must comply with the administrative judge's orders to avoid the imposition of sanctions.

## ORDER

¶10    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                         _____
                                       Gina K. Grippando
                                       Clerk of the Board
Washington, D.C.